UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-10109-MOORE
MAGISTRATE JUDGE REID

NICHOLAS SCOTT CASCARIO,

      Plaintiff,

v.

DEPUTY JEFFERSON, et al.,

      Defendant.

_____/

## REPORT OF MAGISTRATE JUDGE
## RE AMENDED CIVIL RIGHTS COMPLAINT-42 U.S.C. § 1983

### I. Introduction

Plaintiff, **Nicholas Scott Cascario**, a pre-trial detainee, has filed this *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, arising from an incident while confined at the Monroe County Detention Center ("MCDC"). [ECF No. 1]. Plaintiff sues MCDC Officer D. Jefferson and an unnamed MCDC officer ("John Doe"). [*Id.* at 1-2]. For the reasons discussed below, the Complaint should be dismissed for failure to state a claim upon which relief can be granted and as frivolous.

This case has been referred to the Undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); and, S.D. Fla. Admin.

Order 2019-02.

Plaintiff has been granted leave to proceed *in forma pauperis* ("IFP") [ECF No. 5] and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (finding § 1915(e) applies only to IFP plaintiffs, while 28 U.S.C. § 1915A applies to any suit by a prisoner regardless of whether the prisoner is proceeding IFP or has paid the filing fee) (citations omitted); *see also Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP.").

## II. Factual Allegations

Plaintiff alleges the following in his Complaint. [ECF No. 1]. Officer Jefferson and "his partner" Officer John Doe, in MCDC Alpha dorm, handcuffed the Plaintiff behind his back and escorted him to the barbershop room at the MCDC. [*Id.* at 2]. The officers then punched the Plaintiff in the head and placed him into the "turtle suit." [*Id.*]. Their actions constituted the "unlawful use of force." [*Id.*]. Plaintiff does not provide the date on which these events took place or describe any injuries he sustained. [*Id.*]. Plaintiff seeks $150,000 in damages and requests that the officers be fired. [*Id.*].

## III. Standard of Review

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Rodriguez v. Scott*, 775 F.

App'x 599, 602 (11th Cir. 2019) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Thus, the allegations in the Complaint must be accepted as true and construed in the light most favorable to the *pro se* Plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, a *pro se* filer "still must comply with the Federal Rules of Civil Procedure." *Rodriguez*, 775 F. App'x at 602 (citing Fed. R. Civ. P. 8(a)(2); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

## A. Civil Rights Action - 42 U.S.C. § 1983

Plaintiff filed this civil rights action under 42 U.S.C. § 1983, which allows suits against persons acting under color of state law for violations of federal rights. Thus, § 1983 requires that Plaintiff prove Defendants' conduct "violated a constitutional right and that the challenged conduct was committed under color of state law." *Stone v. Hendry*, 785 F. App'x 763, 767 (11th Cir. 2019) (citing *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016)).

## B. Prison Litigation Reform Act ("PLRA")

The PLRA, as partially codified at 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Under § 1915(e)(2)(B)(ii), a complaint must be dismissed if the Court determines that the complaint fails to state a claim on which relief may be granted.

*Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under § 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Thus, a complaint must allege sufficient facts to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

However, precedent also teaches that a district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez*, 794 F. App'x at 603 (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir.

2014) (internal quotation marks omitted) (citation omitted)). Moreover, a district court "should not abandon its neutral role and begin creating arguments for a party, even an unrepresented one." *Sims v. Hastings*, 375 F. Supp. 2d 715, 718 (N.D. Ill. 2005) (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)). When read liberally, a *pro se* pleading "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

"Where, as here, the plaintiff is a pre-trial detainee . . . the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's prohibition against cruel and unusual punishment governs. . ." *See Scott v. Miami-Dade Cnty.*, 657 F. App'x 877, 881 n. 4 (11th Cir. 2016) (quoting *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 n. 1 (11th Cir. 2013)). The standard, however, "is the same in both contexts," so that "decisional law involving Eighth Amendment deliberate indifference claims" applies. *Scott*, 657 F. App'x at 881 n. 4 (citing *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996)).

## IV. Discussion

### Excessive Force Claim: Pretrial Detainee

The Eleventh Circuit has long acknowledged that "[c]laims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to convicted prisoners." *Bozeman v.*

*Orum*, 422 F.3d 1265 (11th Cir. 2005).

In *Kingsley v. Hendrickson*, 576 U.S. 389, 400-01 (2015), the United States Supreme Court noted that "[t]he language of the two Clauses differs, and the nature of the claims often differs. And, most importantly, pretrial detainees (unlike convicted prisoners) cannot be punished at all." *see Graham v. Conner*, 490 U.S. 386, 395 n.10 (1989) (the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment); *Bell v. Wolfish*, 441 U.S. 520, 561 (1979) (in the absence of an intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not "rationally related to a legitimate nonpunitive governmental purpose" or that the actions "appear excessive in relation to that purpose.").

The excessive force inquiry for pretrial detainees includes two separate state-of-mind questions: (1) "the defendant's state of mind with respect to his physical acts – i.e., his state of mind with respect to the bringing about of certain physical consequences in the world" and (2) "the defendant's state of mind with respect to whether his use of force was 'excessive.'" *Kingsley*, 576 U.S. at 395-96.

With regard to the first question, the *Kinglsey* Court assumed that the defendant must possess a purposeful, knowing, or possibly reckless state of mind; noting that accidental or negligent conduct would not suffice. *See id*. In connection with the second question, "a pretrial detainee must show only that the force purposefully or knowingly used against him was objectively unreasonable." *Id.* at

396-97 (emphasis added). This standard cannot be applied mechanically, rather, objective reasonableness turns on the facts and circumstances in each individual case. *See Graham*, 490 U.S. at 396. A court must make this determination from the perspective of a reasonable officer on the scene without the benefit of 20/20 hindsight. *See id.*

Questions that may bear on the reasonableness or unreasonableness of the force include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *See id.*

As applied here, Plaintiff has failed to allege specific facts showing that the amount of force used was excessive or that he sustained any injuries. He also fails to provide the date on which the alleged attack occurred or the name of the second officer involved. Therefore, the Complaint [ECF No. 1] should not proceed against the Defendants at this time.

## V. Conclusion

Plaintiff's allegations fail to state a viable § 1983 claim against the Defendants warranting dismissal of the Complaint. Although district courts must liberally construe *pro se* pleadings, as indicated above, the courts are not required to rewrite complaints to state a viable cause of action where one does not otherwise exist. *GJR*

*Invs. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("[I]n the case of *pro se* litigants [the] leniency [afforded] does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action[.]").

## VI. Recommendations

Based upon the foregoing, it is **RECOMMENDED** that the Complaint be **DISMISSED**, pursuant to 28 U.S.C. § 1915(e), for failure to state claims upon which relief can be granted.

Notwithstanding the foregoing, it is also recommended that Plaintiff be permitted to amend the complaint to cure the deficiencies, **if he so chooses,** by a date certain. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (citations omitted) (finding that § 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required under Fed. R. Civ. P. 15.). Plaintiff should be warned that failure to amend by the given date may result in dismissal of this action under § 1915(e).

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140,

149 (1985).

      **SIGNED** this 8th day of October, 2020.

                                  _____
                              UNITED STATES MAGISTRATE JUDGE

cc:    **Nicholas Scott Cascario**
       19025645
       Monroe County Jail
       Inmate Mail/Parcels
       5501 College Road
       Key West, FL 33040
       *PRO SE*